The Preliminary Decision below is hereby signed.

Dated: February 26, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| 1101 CONNECTICUT AVENUE | ) | Case No. 06-00467 |
| DELI, LLC, | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |

PRELIMINARY DECISION REGARDING
MOTION TO RECONSIDER ORDER GRANTING MOTION
TO ASSUME LEASE, OR, IN THE ALTERNATIVE, MOTION TO DETERMINE
<u>EXTENT OF CURE OR COMPENSATION REQUIRED BY DEBTOR TO ASSUME LEASE</u>

The debtor's landlord, Penzance 1101 Connecticut, LLC ("Penzance"), has filed a motion after this court entered an order authorizing the debtor's assumption of its lease with Penzance.

I

The motion first seeks reconsideration of the court's order granting the debtor's motion to assume its lease with Penzance. The debtor appears to be correct that Penzance is attempting to raise an issue regarding the amount of attorney's fees owed Penzance under the lease that Penzance could have raised at the hearing on the motion to assume, and that, accordingly, is not the proper subject of a motion for reconsideration. Moreover,

Penzance does not even contend that the fees owed constitute a bar to assumption of the lease.  Nothing in the statute governing assumption provides that the existence of fees owed to a landlord bar the assumption of a lease.  Instead, § 365(b)(1)(A) and (B) impose as conditions to assumption of an unexpired lease the requirement that the trustee (here, the debtor-in-possession exercising a trustee's powers) cure, or provide adequate assurance of a prompt cure, of a default that is a monetary breach, and that the trustee compensate or provide adequate assurance that the trustee will promptly compensate a landlord for any actual pecuniary loss to the landlord resulting from such default.  Penzance's motion does not even allege that the debtor is unable to pay or give adequate assurance that it will pay any attorney's fee obligation that was in default when the motion was heard or that constitutes an actual pecuniary loss arising from other breaches.  Accordingly, unless Penzance persuades me to the contrary at the hearing, the request for reconsideration should be denied without the necessity of hearing evidence.

II

Penzance's alternative request seeks an order fixing the amount of attorney's fees arising from alleged defaults that the debtor owes Penzance.

2

A.

That Penzance is not entitled to reconsideration of the order authorizing assumption of the lease does not mean (as the debtor appears to contend) that Penzance is not entitled to recover such fees.  Furthermore, the debtor has not articulated a legal basis upon which Penzance's statements at the hearing should bar it from pursuing the attorney's fees.  The debtor alleges that Penzance stated at the hearing that the debtor was current on its monetary obligations under the lease, and that only non-monetary defaults existed under the lease, but that does not suffice to bar the pursuit of attorney's fees.  As of the hearing date, the landlord had not yet fixed the amount of attorney's fees it was owed and had not yet requested their payment, so it is difficult to see how the debtor could have been not current with respect to its obligation to pay attorney's fees.

B.

The debtor contends that all defaults were cured before the hearing on the motion commenced.  If that is the case, and Penzance was aware of the cures, no fees should be owed for the hearing on the motion.  Penzance ought not have expended attorney's fees for pursuing a nonexistent default beyond the point of learning that the default had been cured.  The debtor contends that the fees should be limited to only those efforts by

counsel to notice the alleged defaults, the letters of October 25 and November 7, 2006. The debtor, however, has failed to state when the defaults were cured and when Penzance learned of the cures. On the other hand, much of Penzance's efforts were directed to an unsuccessful attempt to convince the court that the lease had been terminated. Attorney's fees incurred in that effort ought not be compensable.[1]

   The parties should confer before the hearing to attempt to come to an agreement regarding the amount of the fees to which the landlord is entitled.

                              [Signed and dated above.]

Copies to: Debtor; Nicholas M. Beizer, Esq.; Michael E. Brand, Esq.; Office of United States Trustee; Leon Koutsouftikis, Esq.; and William J. Virgulak, Jr., Esq., Martell, Donnelly, Grimaldi & Gallagher, P.C., 10201 Lee Highway, Suite 490, Fairfax, VA 22030-2222.

---

[1] Penzance's motion to remand and its motion for relief from the automatic stay, and its motion in the alternative for dismissal were largely premised on the allegation that the lease had been terminated, an erroneous argument. The motion for relief from the automatic stay was also based on an alleged lack of equity in the lease, which had nothing to do with existing defaults. Finally, the motion to dismiss was premised on bad faith which, again, was unsuccessful and whose outcome was not dependent on whether defaults existed. Penzance has not pointed to a lease provision authorizing recovery of fees for such work.